NO. 07-07-0122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 26, 2007
_____

MARK ANTHONY CASTANEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15951-0503; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


**ON ABATEMENT AND REMAND**


Appellant Mark Anthony Castaneda, acting *pro se*, filed a statement with the trial court indicating his desire to appeal from the trial court's action, by which he was adjudicated guilty of theft and received a sentence including two years incarceration in a state jail. The statement also indicates appellant's desire for counsel. The clerk's record has been filed, and contains the trial court's certification that appellant has a right of appeal.[1] Tex. R. App. P. 25.2.(d). The reporter's record has not been filed, and the

_____

[1] That right is subject to the limitations on appeals following an adjudication of guilt after deferral. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006).

reporter has filed a request for extension stating that no record has been requested. Tex. R. App. P. 34.6(b). The clerk's record contains documentation indicating that appellant waived his right to counsel at the adjudication proceeding. However, the written waiver of counsel contained in the record pertains to a related proceeding in county court, and we are unable from the record now on file to determine whether appellant's waiver of counsel applies to this appeal. *See* Tex. Code Crim. Proc. Ann. arts. 1.051(d) (indigent defendant entitled to appointed counsel on appeal), 1.051(h) (defendant may withdraw waiver of right to counsel) (Vernon 2005).

Accordingly, we now abate this appeal and remand the cause to the 242nd District Court of Hale County for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1.    whether appellant desires to prosecute the appeal;

2.    whether appellant is indigent; and

3.    whether the appellant is entitled to appointed counsel.

Should it be determined appellant wishes to prosecute the appeal, is indigent, and is entitled to an appointed attorney, the trial court shall appoint counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel. The trial court shall issue such findings of fact and conclusions of law, and such other orders, as it finds appropriate regarding the aforementioned issues and cause any such findings, conclusions, and orders to be

included in a supplemental clerk's record.  A supplemental record of the hearing, if any, shall also be prepared.  The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before July 26, 2007.

It is so ordered.


Per Curiam